## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN SANTILLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| TBC RETAIL GROUP, INC., a foreign | ) | |
| corporation, NTW, LLC, d/b/a NTB | ) | Judge: |
| National Tire and Battery, a foreign | ) | |
| corporation, TBC – TIRE & BATTERY | ) | |
| CORPORATION, a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES, Plaintiff, KEVIN SANTILLI, by and through his attorneys, Meredith W. Buckley and Seth R. Halpern of Malkinson & Halpern, P.C., and complains of Defendants TBC RETAIL GROUP, INC., a foreign corporation; NTW, LLC, d/b/a NTB NATIONAL TIRE AND BATTERY, a foreign corporation; and TBC – TIRE & BATTERY CORPORATION, a foreign corporation, as follows:

### I.      Nature of the Case

1.      Plaintiff, Kevin Santilli, (hereinafter "Santilli" or "Plaintiff") was employed by Defendants TBC RETAIL GROUP, INC.; and/or NTW, LLC, d/b/a NTB NATIONAL TIRE AND BATTERY, and/or TBC – TIRE & BATTERY CORPORATION (hereinafter collectively as "NTB" and/or Defendants) from approximately January 9, 2009 through his termination on or about April 29, 2015.

2.      This is an individual action brought by Santilli for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (hereinafter "ADA") and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* (hereinafter "IHRA").

3.      Plaintiff alleges such violations based on Defendants' failure to accommodate Plaintiff's reasonable request for accommodations and Defendants' discrimination based on Plaintiff's disability, history of a disability and/or a perceived disability.

4.      As a result of Defendants' unlawful conduct, Plaintiff has suffered lost wages and benefits and Plaintiff has suffered and continues to suffer significant emotional distress.  Plaintiff seeks all damages he is entitled to under law, including declaratory and injunctive relief, compensatory and punitive damages, reasonable attorneys' fees and costs and other appropriate legal and equitable relief.

## II.      Jurisdiction and Venue

5.      This Court has jurisdiction to this case pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and supplemental jurisdiction over Plaintiff's Illinois Human Rights Act, 775 ILCS 5/2-101 claim pursuant to 28 U.S.C. § 1367.

6.      This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claims arose in this judicial district.

## III.      Procedural Requirements

7.      Plaintiff Santilli has complied with all administrative prerequisites by filing with the Illinois Department of Human Rights ("IDHR") (cross filed with the U.S. Equal Employment Opportunity Commission ("EEOC")) a Charge of Discrimination based on and related to the allegations complained of herein.  (*See* Exhibit 1, attached hereto).

8.      On October 27, 2016, the Illinois Department of Human Rights issued a Notice of Dismissal as to Plaintiff's above mentioned Charge, and as such, this is a timely filed Complaint.

9.      On January 18, 2017, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Rights to Sue as to Plaintiff's above mentioned Charge and, as such, this is a timely filed Complaint.

**IV.    Parties**

10.     Plaintiff is a citizen of the United States of America and at all relevant times resided in the Cook County, Illinois.

11.     Plaintiff was hired by Defendants on or around September 9, 2009, as a service manager.  On or about October 9, 2010, Plaintiff was promoted to Store Manager of the NTB Store located in Hoffman Estates, Illinois.  Plaintiff held the position of Store Manager at the NTB Store in Hoffman Estates until his termination on or about April 29, 2015.

12.     Defendants are affiliated foreign corporations headquartered in Palm Beach Gardens, Florida.  Defendants own and operate NTB- National Tire and Battery automotive service stations across the United States, including the one in Hoffman Estates, Illinois, where Plaintiff was employed as Store Manager.

13.     At all relevant times, Defendants qualified as employers as defined by the ADA, 42 U.S.C. § 12111 and the IHRA, 775 ILCS 5/2-101(B).

14.     At all relevant times, Plaintiff qualified as an employee as defined by the ADA, 42 U.S.C. § 12111 and the IHRA, 775 ILCS 5/101(A).

15.     At all relevant times, Plaintiff performed his job satisfactorily and to the reasonable expectations of his employers, Defendants.

V.    **Factual Allegations**

16.    On or about October 15, 2014, Plaintiff notified his supervisor, Jesse Arteaga, as well as Defendants' Human Resources Department, that he had been diagnosed with prostate cancer.

17.    Plaintiff notified his supervisor, Jesse Arteaga, that he needed several days off to undergo medical treatments related to his cancer. Plaintiff's request was processed by Defendants' Human Resources Department and Plaintiff was placed on FMLA leave from approximately November 10, 2014 through November 15, 2014.

18.    Shortly after the November medical leave, Plaintiff was notified by his doctor that he needed additional, more invasive, surgery related to his cancer. Plaintiff informed his supervisor, Jesse Arteaga, and Defendants' Human Resources Department that he would need to be placed on medical leave from January 8, 2015, through his expected return to work date of February 18, 2015. Defendants granted Plaintiff's request for medical leave and he was placed on FLMA leave from approximately January 8, 2015, through February 18, 2015.

19.    Due to unforeseen complications during Plaintiff's January 2015 surgery, Plaintiff's doctor recommended that Plaintiff extend his medical leave from February 18, 2015, through April 6, 2015. Plaintiff's doctor further recommended that upon his return to work, Plaintiff should request an accommodation that included no lifting, bending or pushing over five pounds for two months. In late February 2015, Plaintiff provided Defendants with his doctor's recommendations and requests for accommodations.

20.    Throughout his medical leave and the extensions thereof, Plaintiff was in communication with his supervisor, Jesse Arteaga, and representatives of Defendants' Human

Resources Department regarding his health, his expected return to work date and his requested accommodations upon such return to work.

21.     On April 6, 2015, Plaintiff returned to work.  Upon his return, Plaintiff was informed by his supervisor, Jesse Arteaga, that he was "too sick and too unhealthy" to return to work and that Plaintiff was no longer the Store Manager of the Hoffman Estates NTB Service Center.  Jesse Arteaga then offered Plaintiff a sales associate position at another NTB service center.  The sales associate position was more physically demanding and offered significantly less pay and less responsibility than his previous Store Manager position.  Additionally, Plaintiff was informed that Defendants would not approve his request for light duty accommodation.

22.     Despite his cancer, the related medical treatments and associated recovery, as of April 6, 2015, Plaintiff was able to perform all essential functions of his job as Store Manager.

23.     Plaintiff's request for a short extension of his medical leave and Plaintiff's request for light duty accommodations up his return to work would not have caused an undue hardship upon Defendants and were reasonable requests for accommodation of his disability (cancer).

<u>**COUNT I**</u>
**Failure to Accommodate**
**American with Disabilities Act and Illinois Human Rights Act**

24.     Plaintiff repeats and re-alleges paragraphs 1-23 of the Complaint as if they are fully set forth herein.

25.     During the time Plaintiff was inflicted with cancer and during the time of his related medical treatments and associated recovery, Plaintiff's major life activities, including but not limited to his ability to stand, bend, push and control his bodily functions were significantly affected.

26. As a result of Plaintiff's cancer and related medical treatments, and history thereof, Plaintiff qualified as disabled under the Americans with Disabilities Act and the Illinois Human Rights Act.

27. Plaintiff requested reasonable accommodations including a short extension of his medical leave and compliance with his doctor's recommendations of no bending, pushing of lifting over five pounds for two months upon his return to work.

28. Plaintiff's requested accommodations would not have caused an undue hardship upon Defendants.

29. Defendants violated of the ADA and/or the IHRA by subjecting Plaintiff to unlawful employment actions, including but not limiting to:

      a. refusing to engage in an interactive process in response to Plaintiff's request for reasonable accommodations;

      b. refusing Plaintiff's requests for reasonable accommodation;

      c. refusing to return Plaintiff to his position of Store Manager;

      d. offering Plaintiff a demotion to a position that was more physically demanding, with less responsibility and with less pay; and

      e. terminating Plaintiff.

30. As a result of Defendants' unlawful employment actions complained of herein, Plaintiff Santilli experienced, and continues to experience, lost wages and benefits, and has suffered and continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendants and its agents/employees, as described herein, is in violation of American with Disabilities Act, 42 U.S.C. §12101 *et seq.* and/or the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*;

(b)     Awarding Plaintiff back pay and benefits and any other pecuniary losses he suffered as a result of Defendants' conduct;

(c)     Awarding Plaintiff compensatory damages;

(d)     Awarding punitive damages;

(e)     Awarding Plaintiff reasonable attorneys' fees and costs; and

(f)     Permanently enjoining and restraining Defendants, from, in any manner failing to provide reasonable accommodations in violation of the law.

**COUNT II**
**Discrimination and Wrongful Termination**
**Americans with Disabilities Act and Illinois Human Rights Act**

31.     Plaintiff repeats and re-alleges paragraphs 1-30 of the Complaint as if they are fully set forth herein.

32.     As set forth herein, Defendants took discriminatory action against Plaintiff because of his disabilities, his history of disabilities and/or his perceived disabilities that included, but are not limited to:

a.      telling Plaintiff he was "too sick and too unhealthy" to return to work;

b.      erroneously considering Plaintiff unable to perform the essential functions of his job;

c.      refusing to return Plaintiff to his position as Store Manager;

d.      refusing to grant a short extension of Plaintiff's medical leave;

e.      refusing Plaintiff's reasonable request for light duty accommodations when such accommodations would not have caused an undue hardship on Defendants;

f.      demoting Plaintiff to a sales associate position; and

g.      terminating Plaintiff.

33.     The foregoing acts and omissions constitute violations of the ADA and/or IHRA.

34.     As a result of Defendants' unlawful employment actions complained of herein, Plaintiff Santilli experienced, and continues to experience, lost wages and benefits, and has suffered and continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff, respectfully prays that this Court enter an Order:

(a)     Declaring the conduct of Defendants and its agents/employees, as described herein, is in violation of American with Disabilities Act, 42 U.S.C. §12101 *et seq.* and/or the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*;

(b)     Awarding Plaintiff back pay and benefits and any other pecuniary losses he suffered as a result of Defendants' conduct;

(c)     Awarding Plaintiff compensatory damages;

(d)     Awarding punitive damages;

(e)     Awarding Plaintiff reasonable attorneys' fees and costs; and

(f)     Permanently enjoining and restraining Defendants, from, in any manner discriminating against employees on the basis of a disability, history of a disability and/or perceived disability in violation of the law.

**DATED:     January 19, 2017**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully Submitted:

s/Meredith W. Buckley
Meredith W. Buckley

Meredith W. Buckley
MALKINSON & HALPERN, P.C.
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
(312) 427-9600
mbuckley@mhtriallaw.com