| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>15W0623-08 | AGENCY<br>☒ IDHR<br>☒ EEOC | CHARGE NUMBER<br>2015CF3439 |
|---|---|---|

**Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission**

| | | |
|---|---|---|
| NAME (indicate Mr. Ms. Mrs.) **Kevin Santilli** | | HOME TELEPHONE (include area code) [redacted] |
| STREET ADDRESS [redacted] | CITY, STATE AND ZIP CODE<br>**Schaumburg, Illinois 60194** | DATE OF BIRTH [redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| | | |
|---|---|---|
| NAME **TBC Corporation** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (Include area code) **561-383-3100** |
| STREET ADDRESS **4300 TBC Way** | CITY, STATE AND ZIP CODE **Palm Beach Gardens, FL 33410** | COUNTY **Palm Beach (work performed in Illinois)** |
| NAME: **TBC Retail Group** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (include area code) **561-383-3000** |
| STREET ADDRESS **4280 Professional Cntr. Dr.** | CITY, STATE AND ZIP CODE **Palm Beach Gardens, FL 33410** | COUNTY **Palm Beach (work performed in Illinois)** |
| NAME: **NTW, LLC d/b/a NTB – National Tire & Battery** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (include area code) **847-884-0171** |
| STREET ADDRESS **2475 W. Golf Rd.** | CITY, STATE AND ZIP CODE **Hoffman Estates, IL 60619** | COUNTY **Cook** |

| | |
|---|---|
| CAUSE OF DISCRIMINATION BASED ON: **failure to accommodate; disability discrimination; and perceived disability discrimination** | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>3/25/14<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheets) **SEE ATTACHED PAGES**

Dept. of Human Rights
SWITCHBOARD
JUN 23 2015
RECEIVED

| | |
|---|---|
| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br>[signature] | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br>6-22-15<br>NOTARY SIGNATURE [signature] MONTH DATE-YEAR |
| OFFICIAL SEAL<br>SETH R. HALPERN<br>Notary Public - State of Illinois<br>My Commission Expires 12/08/2018<br>NOTARY SEAL | X [signature] 6/22/15<br>SIGNATURE OF COMPLAINANT DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EXHIBIT
1

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>15W0623.10 | AGENCY<br>☒ IDHR<br>☒EEOC | CHARGE NUMBER<br>2015CF3440 |
|---|---|---|

**Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission**

| NAME (indicate Mr. Ms. Mrs.) **Kevin Santilli** | | HOME TELEPHONE (include area code) [redacted] |
|---|---|---|
| STREET ADDRESS [redacted] | CITY, STATE AND ZIP CODE **Schaumburg, Illinois 60194** | DATE OF BIRTH [redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME **TBC Corporation** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (Include area code) **561-383-3100** |
|---|---|---|
| STREET ADDRESS **4300 TBC Way** | CITY, STATE AND ZIP CODE **Palm Beach Gardens, FL 33410** | COUNTY **Palm Beach (work performed in Illinois)** |
| NAME: **TBC Retail Group** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (include area code) **561-383-3000** |
| STREET ADDRESS **4280 Professional Cntr. Dr.** | CITY, STATE AND ZIP CODE **Palm Beach Gardens, FL 33410** | COUNTY **Palm Beach (work performed in Illinois)** |
| NAME: **NTW, LLC d/b/a NTB – National Tire & Battery** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (include area code) **847-884-0171** |
| STREET ADDRESS **2475 W. Golf Rd.** | CITY, STATE AND ZIP CODE **Hoffman Estates, IL 60619** | COUNTY **Cook** |

| CAUSE OF DISCRIMINATION BASED ON: **failure to accommodate; disability discrimination; and perceived disability discrimination** | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>3/25/14<br>☐ ~~CONTINUING ACTION~~ |
|---|---|

THE PARTICULARS ARE (if **additional** space is needed attach extra sheets) **SEE ATTACHED PAGES**

Dept. of Human Rights
SWITCHBOARD
JUN 23 2015
RECEIVED
By: Pa

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br>6-22-15<br>NOTARY SIGNATURE / MONTH DATE YEAR |
|---|---|
| [signature]<br>OFFICIAL SEAL<br>SETH R. HALPERN<br>Notary Public - State of Illinois<br>My Commission Expires 12/08/2018<br>NOTARY SEAL | X [signature] 6/22/15<br>SIGNATURE OF COMPLAINANT / DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>15W0623.11 | AGENCY<br>☒ IDHR<br>☒ EEOC | CHARGE NUMBER<br>2015CF3441 |
|---|---|---|

**Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission**

| NAME (indicate Mr. Ms. Mrs.) **Kevin Santilli** | HOME TELEPHONE (include area code) [redacted] |
|---|---|

| STREET ADDRESS [redacted] | CITY, STATE AND ZIP CODE **Schaumburg, Illinois 60194** | DATE OF BIRTH [redacted] |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME **TBC Corporation** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (Include area code) **561-383-3100** |
|---|---|---|
| STREET ADDRESS **4300 TBC Way** | CITY, STATE AND ZIP CODE **Palm Beach Gardens, FL 33410** | COUNTY **Palm Beach (work performed in Illinois)** |
| NAME: **TBC Retail Group** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (include area code) **561-383-3000** |
| STREET ADDRESS **4280 Professional Cntr. Dr.** | CITY, STATE AND ZIP CODE **Palm Beach Gardens, FL 33410** | COUNTY **Palm Beach (work performed in Illinois)** |
| NAME: **NTW, LLC d/b/a NTB – National Tire & Battery** | NUMBER OF EMPLOYEES, MEMBERS < 15 | TELEPHONE (include area code) **847-884-0171** |
| STREET ADDRESS **2475 W. Golf Rd.** | CITY, STATE AND ZIP CODE **Hoffman Estates, IL 60619** | COUNTY **Cook** |

| CAUSE OF DISCRIMINATION BASED ON: **failure to accommodate; disability discrimination; and perceived disability discrimination** | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>3/25/14<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets) **SEE ATTACHED PAGES**

Dept. of Human Rights SWITCHBOARD
JUN 23 2015
RECEIVED

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br>6-22-15<br>NOTARY SIGNATURE / MONTH DATE-YEAR |
|---|---|
| OFFICIAL SEAL<br>SETH R. HALPERN<br>Notary Public - State of Illinois<br>My Commission Expires 12/08/2018<br>NOTARY SEAL | X [signature] 6/22/15<br>SIGNATURE OF COMPLAINANT / DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

**CHARGES OF DISCRIMINATION (Kevin Santilli)**

I. A. **ISSUE/BASIS**

1. **Failure to Accommodate – Americans with Disabilities Act, 42 U.S.C. § 12101 *et al.***

B. **PRIMA FACIE ALLEGATIONS**

1. I was hired by Respondents on or about January 9, 2009. Since approximately 2010, I held the position of Store Manager at the NTB store located at 2475 W. Golf Rd., Hoffman Estates, Illinois.

2. At all relevant times, I have performed my job in a satisfactory manner and met Respondents' legitimate business expectations.

3. On or around October 15, 2014, I was diagnosed with prostate cancer. Following my diagnosis, I notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, of my cancer diagnosis.

4. On or around November 10, 2014, I underwent a medical procedure related to my prostate cancer and requested several days off work from my direct supervisor, Jesse Arteaga. This request was granted and processed through the corporate Human Resources Department.

5. Following this procedure in November of 2014, I was notified by my doctor that I would need to have surgery related to my prostate cancer and that I would not be able to work for approximately six weeks. I scheduled the surgery for January 8, 2015, and immediately notified my direct supervisor, Jesse Arteaga, and I, as well as my doctor, communicated with the corporate Human Resources Department regarding my need for approved medical leave.

6. Following the January 2015, surgery, I was scheduled to return to work on approximately February 18, 2015. Due to complications related to the treatment of my prostate cancer, I was unable to return to work at such time and notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, that I needed to extend my medical leave. I informed management that I was likely to be able to return to work on April 6, 2015, but would have some light duty work restrictions as a result of my cancer treatments. Throughout the entirety of my leave, I, as well as my doctors, were in communication with management regarding my health status and ability to return to work.

7. Upon my return to work on or about April 6, 2015, Respondents refused to return me to my Store Manager position and offered me a demotion to a sales associate position, which not only had less pay and responsibility, but would also require more physical labor than my original Store Manager position.

8. After my medical leave due to my cancer and related treatments, Respondents refused to return me to work at my original position as Store Manager of the Hoffman Estates

Initials: K

 

NTB location, despite that returning me to such position would not have caused an undue hardship on Respondents.

9. After my medical leave due to my cancer and related treatments, Respondents refused to accommodate my light duty restrictions even though, considering my typical day to day duties as store manager, such accommodations would not have caused an undue hardship upon Respondents.

10. After my medical leave due to my cancer and related treatments, Respondents refused to accommodate my need for a relatively short extension of my approved Family Medical Leave Act ("FMLA") leave, despite that such extension would not have caused an undue hardship on Respondents.

11. My prostate cancer and the related treatments significantly limited major life activities including but not limited to, my ability to stand, bend and push, and significantly effected major bodily functions, including but not limited to, my ability to maintain bladder control. As a result, I qualify as a disabled person under the Americans with Disabilities Act, 42 § 12102(2).

12. Despite my disabilities, I was able to perform all essential functions of my job as Store Manager and the accommodations I requested were reasonable and would not have caused undue hardship on Respondents.

13. As a result of Respondents' failure to approve my reasonable requests for accommodations, I experienced and continue to experience severe emotional distress and have lost wages and benefits.

14. The forgoing acts by Respondents constitute violations of the Americans with Disability, 42 U.S.C. § 12101 *et al.*

**II. A. ISSUE/BASIS**

**1. Discrimination on basis of disability and/or history of disability – Americans with Disabilities Act, 42 U.S.C. § 12101 *et al.***

**B. PRIMA FACIE ALLEGATIONS**

1. I was hired by Respondents on or about January 9, 2009. Since approximately 2010, I held the position of Store Manager at the NTB store located at 2475 W. Golf Rd., Hoffman Estates, Illinois.

2. At all relevant times, I have performed my job in a satisfactory manner and met Respondents' legitimate business expectations.

Initials: KS

 

3. On or around October 15, 2014, I was diagnosed with prostate cancer. Following my diagnosis, I notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, of my cancer diagnosis.

4. On or around November 10, 2014, I underwent a medical procedure related to my prostate cancer and requested several days off work from my direct supervisor, Jesse Arteaga. This request was granted and processed through the corporate Human Resources Department.

5. Following this procedure in November of 2014, I was notified by my doctor that I would need to have surgery related to my prostate cancer and that I would not be able to work for approximately six weeks. I scheduled the surgery for January 8, 2015, and immediately notified my direct supervisor, Jesse Arteaga, and I, as well as my doctor, communicated with the corporate Human Resources Department regarding my need for approved medical leave.

6. Following the January 2015, surgery, I was scheduled to return to work on approximately February 18, 2015. Due to complications related to the treatment of my prostate cancer, I was unable to return to work at such time and notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, that I needed to extend my medical leave. I informed management that I was likely to be able to return to work on April 6, 2015, but would have some light duty work restrictions as a result of my cancer treatments. Throughout the entirety of my leave, I, as well as my doctors, were in communication with management regarding my health status and ability to return to work.

7. Upon my return to work on or about April 6, 2015, Respondents refused to return me to my Store Manager position and offered me a demotion to a sales associate position, which not only had less pay and responsibility, but would also require more physical labor than my original Store Manager position.

8. Management, including but not limited to, Jesse Arteaga, expressed and acted with the belief that I was "too sick" and "too unhealthy" to return to my position as Store Manager.

9. Despite my cancer and the related treatments, I was able to return to perform all essential functions of my job as Store Manager and the accommodations I requested were reasonable and would not have caused undue hardship on Respondents.

10. My prostate cancer and the related treatments significantly limited major life activities including but not limited to, my ability to stand, bend and push, and significantly effected major bodily functions, including but not limited to, my ability to maintain bladder control. As a result, I qualify as a disabled person under the Americans with Disabilities Act, 42 § 12102(2).

11. Respondents, in refusing to return me to my position as Store Manager, discriminated against me on the basis of my disability, and/or the basis of my history of disability, in violation of the Americans with Disability, 42 U.S.C. § 12101 *et al.*

Initials: ______

 

12. As a result of Respondents' discriminatory actions, I experienced and continue to experience severe emotional distress and have lost wages and benefits.

**III. A. ISSUE/BASIS**

**1. Discrimination on basis of perceived disability and/or perceived history of disability – Americans with Disabilities Act, 42 U.S.C. § 12101 *et al.***

**B. PRIMA FACIE ALLEGATIONS**

1. I was hired by Respondents on or about January 9, 2009. Since approximately 2010, I held the position of Store Manager at the NTB store located at 2475 W. Golf Rd., Hoffman Estates, Illinois.

2. At all relevant times, I have performed my job in a satisfactory manner and met Respondents' legitimate business expectations.

3. On or around October 15, 2014, I was diagnosed with prostate cancer. Following my diagnosis, I notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, of my cancer diagnosis.

4. On or around November 10, 2014, I underwent a medical procedure related to my prostate cancer and requested several days off work from my direct supervisor, Jesse Arteaga. This request was granted and processed through the corporate Human Resources Department.

5. Following this procedure in November of 2014, I was notified by my doctor that I would need to have surgery related to my prostate cancer and that I would not be able to work for approximately six weeks. I scheduled the surgery for January 8, 2015, and immediately notified my direct supervisor, Jesse Arteaga, and I, as well as my doctor, communicated with the corporate Human Resources Department regarding my need for approved medical leave.

6. Following the January 2015, surgery, I was scheduled to return to work on approximately February 18, 2015. Due to complications related to the treatment of my prostate cancer, I was unable to return to work at such time and notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, that I needed to extend my medical leave. I informed management that I was likely to be able to return to work on April 6, 2015, but would have some light duty work restrictions as a result of my cancer treatments. Throughout the entirety of my leave, I, as well as my doctors, were in communication with management regarding my health status and ability to return to work.

7. Upon my return to work on or about April 6, 2015, Respondents refused to return me to my Store Manager position and offered me a demotion to a sales associate position, which not only had less pay and responsibility, but would also require more physical labor than my original Store Manager position.

Initials: ______

8. Management, including but not limited to, Jesse Arteaga, expressed and acted with the belief that I was "too sick" and "too unhealthy" to return to my position as Store Manager.

9. Respondents, in refusing to return me to my position as Store Manager, discriminated against me on the basis of a perceived disability related to my prostate cancer, and/or the basis of a perceived history of disability related to my prostate cancer, in violation of the Americans with Disability, 42 U.S.C. § 12101 *et al.*

10. As a result of Respondents' discriminatory actions, I experienced and continue to experience severe emotional distress and have lost wages and benefits.

**IV. A. ISSUE/BASIS**

**1. Failure to Accommodate – Illinois Human Rights Act, 775 ILCS 5/2**

**B. PRIMA FACIE ALLEGATIONS**

1. I was hired by Respondents on or about January 9, 2009. Since approximately 2010, I held the position of Store Manager at the NTB store located at 2475 W. Golf Rd., Hoffman Estates, Illinois.

2. At all relevant times, I have performed my job in a satisfactory manner and met Respondents' legitimate business expectations.

3. On or around October 15, 2014, I was diagnosed with prostate cancer. Following my diagnosis, I notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, of my cancer diagnosis.

4. On or around November 10, 2014, I underwent a medical procedure related to my prostate cancer and requested several days off work from my direct supervisor, Jesse Arteaga. This request was granted and processed through the corporate Human Resources Department.

5. Following this procedure in November of 2014, I was notified by my doctor that I would need to have surgery related to my prostate cancer and that I would not be able to work for approximately six weeks. I scheduled the surgery for January 8, 2015, and immediately notified my direct supervisor, Jesse Arteaga, and I, as well as my doctor, communicated with the corporate Human Resources Department regarding my need for approved medical leave.

6. Following the January 2015, surgery, I was scheduled to return to work on approximately February 18, 2015. Due to complications related to the treatment of my prostate cancer, I was unable to return to work at such time and notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, that I needed to extend my medical leave. I informed management that I was likely to be able to return to work on April 6, 2015, but would have some light duty work restrictions as a result of my cancer treatments.

Initials: [signature]

 

Throughout the entirety of my leave, I, as well as my doctors, were in communication with management regarding my health status and ability to return to work.

7. Upon my return to work on or about April 6, 2015, Respondents refused to return me to my Store Manager position and offered me a demotion to a sales associate position, which not only had less pay and responsibility, but would also require more physical labor than my original Store Manager position.

8. After my medical leave due to my cancer and related treatments, Respondents refused to return me to work at my original position as Store Manager of the Hoffman Estates NTB location, despite that returning me to such position would not have caused an undue hardship on Respondents.

9. After my medical leave due to my cancer and related treatments, Respondents refused to accommodate my light duty restrictions even though, considering my typical day to day duties as store manager, such accommodations would not have caused an undue hardship upon Respondents.

10. After my medical leave due to my cancer and related treatments, Respondents refused to accommodate my need for a relatively short extension of my approved Family Medical Leave Act ("FMLA") leave, despite that such extension would not have caused an undue hardship on Respondents.

11. My prostate cancer and the related treatments resulted in determinable physical characteristics which were and are not transitory, nor insubstantial. As a result of my prostate cancer and the related treatments, I was limited in my ability to stand, bend, push and have had difficulties maintaining bladder control. As a result, I qualify as handicap under the Illinois Human Rights Act, 775 ILCS 5/2.

12. Despite my disabilities, I was able to perform all essential functions of my job as Store Manager and the accommodations I requested were reasonable and would not have caused undue hardship on Respondents.

13. As a result of Respondents' failure to approve my reasonable requests for accommodations, I experienced and continue to experience severe emotional distress and have lost wages and benefits.

14. The forgoing acts by Respondents constitute violations of the Illinois Human Rights Act, 775 ILCS 5/2.

Initials: _____

V. A. **ISSUE/BASIS**

1. **Discrimination on basis of disability and/or history of disability – Illinois Human Rights Act, 775 ILCS 5/2**

B. **PRIMA FACIE ALLEGATIONS**

1. I was hired by Respondents on or about January 9, 2009. Since approximately 2010, I held the position of Store Manager at the NTB store located at 2475 W. Golf Rd., Hoffman Estates, Illinois.

2. At all relevant times, I have performed my job in a satisfactory manner and met Respondents' legitimate business expectations.

3. On or around October 15, 2014, I was diagnosed with prostate cancer. Following my diagnosis, I notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, of my cancer diagnosis.

4. On or around November 10, 2014, I underwent a medical procedure related to my prostate cancer and requested several days off work from my direct supervisor, Jesse Arteaga. This request was granted and processed through the corporate Human Resources Department.

5. Following this procedure in November of 2014, I was notified by my doctor that I would need to have surgery related to my prostate cancer and that I would not be able to work for approximately six weeks. I scheduled the surgery for January 8, 2015, and immediately notified my direct supervisor, Jesse Arteaga, and I, as well as my doctor, communicated with the corporate Human Resources Department regarding my need for approved medical leave.

6. Following the January 2015, surgery, I was scheduled to return to work on approximately February 18, 2015. Due to complications related to the treatment of my prostate cancer, I was unable to return to work at such time and notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, that I needed to extend my medical leave. I informed management that I was likely to be able to return to work on April 6, 2015, but would have some light duty work restrictions as a result of my cancer treatments. Throughout the entirety of my leave, I, as well as my doctors, were in communication with management regarding my health status and ability to return to work.

7. Upon my return to work on or about April 6, 2015, Respondents refused to return me to my Store Manager position and offered me a demotion to a sales associate position, which not only had less pay and responsibility, but would also require more physical labor than my original Store Manager position.

8. Management, including but not limited to, Jesse Arteaga, expressed and acted with the belief that I was "too sick" and "too unhealthy" to return to my position as Store Manager.

Initials: [signature]

9. Despite my cancer and the related treatments, I was able to return to perform all essential functions of my job as Store Manager and the accommodations I requested were reasonable and would not have caused undue hardship on Respondents.

10. My prostate cancer and the related treatments resulted in determinable physical characteristics which were and are not transitory, nor insubstantial. As a result of my prostate cancer and the related treatments, I was limited in my ability to stand, bend, push and have had difficulties maintaining bladder control. As a result, I qualify as handicap under the Illinois Human Rights Act, 775 ILCS 5/2.

11. Respondents, in refusing to return me to my position as Store Manager, discriminated against me on the basis of my disability, and/or the basis of my history of disability, in violation of the Illinois Human Rights Act, 775 ILCS 5/2.

12. As a result of Respondents' discriminatory actions, I experienced and continue to experience severe emotional distress and have lost wages and benefits.

**VI. A. ISSUE/BASIS**

**1. Discrimination on basis of perceived disability and/or perceived history of disability – Americans with Disabilities Act, 42 U.S.C. § 12101 *et al.***

**B. PRIMA FACIE ALLEGATIONS**

1. I was hired by Respondents on or about January 9, 2009. Since approximately 2010, I held the position of Store Manager at the NTB store located at 2475 W. Golf Rd., Hoffman Estates, Illinois.

2. At all relevant times, I have performed my job in a satisfactory manner and met Respondents' legitimate business expectations.

3. On or around October 15, 2014, I was diagnosed with prostate cancer. Following my diagnosis, I notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, of my cancer diagnosis.

4. On or around November 10, 2014, I underwent a medical procedure related to my prostate cancer and requested several days off work from my direct supervisor, Jesse Arteaga. This request was granted and processed through the corporate Human Resources Department.

5. Following this procedure in November of 2014, I was notified by my doctor that I would need to have surgery related to my prostate cancer and that I would not be able to work for approximately six weeks. I scheduled the surgery for January 8, 2015, and immediately notified my direct supervisor, Jesse Arteaga, and I, as well as my doctor, communicated with the corporate Human Resources Department regarding my need for approved medical leave.

Initials: [handwritten initials]

 

6. Following the January 2015, surgery, I was scheduled to return to work on approximately February 18, 2015. Due to complications related to the treatment of my prostate cancer, I was unable to return to work at such time and notified my direct supervisor, Jesse Arteaga, as well as the corporate Human Resources Department, that I needed to extend my medical leave. I informed management that I was likely to be able to return to work on April 6, 2015, but would have some light duty work restrictions as a result of my cancer treatments. Throughout the entirety of my leave, I, as well as my doctors, were in communication with management regarding my health status and ability to return to work.

7. Upon my return to work on or about April 6, 2015, Respondents refused to return me to my Store Manager position and offered me a demotion to a sales associate position, which not only had less pay and responsibility, but would also require more physical labor than my original Store Manager position.

8. Management, including but not limited to, Jesse Arteaga, expressed and acted with the belief that I was "too sick" and "too unhealthy" to return to my position as Store Manager.

9. Respondents, in refusing to return me to my position as Store Manager, discriminated against me on the basis of a perceived disability related to my prostate cancer, and/or the basis of a perceived history of disability related to my prostate cancer, in violation of the Illinois Human Rights Act, 775 ILCS 5/2.

10. As a result of Respondents' discriminatory actions, I experienced and continue to experience severe emotional distress and have lost wages and benefits.

Initials: JG